IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIDNEY T. SCARLETT,

    Petitioner,

v.

JEFFREY FRANCIS ROSEN;
REBECCA FLEMING; KENNETH
WATNICK; XAVIER BECERRA;
JUDGE JEFFREY S. WHITE

    Respondents.

No. C 18-1665 WHA (PR)

**ORDER OF DISMISSAL**

Petitioner filed this pro se petition for a writ of habeas corpus. He does not identify which federal habeas statute authorizes relief, nor does he appear to assert any cognizable basis for federal habeas relief. He names as respondents a District Attorney, the California Attorney General, a federal judge, the Clerk of a state superior court, and someone he describes as a "Foreign-Agent-Trustee."

The petition is not cognizable for several reasons. First, it appears that he is not in custody. The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. 28 U.S.C. §§ 2241©, 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Ibid.* A habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Petitioner's address is not a prison or jail. He states that a felony complaint was filed against him, and he has submitted documents indicating that in 2015 he pled not guilty to charges of filing a false public document. He does not identify any conviction or sentence that was imposed upon him, let alone that is presently placing him in custody. He makes several allegations about restraints upon his liberty based upon an "unconscionable contract," "invisible/concealed contracts," and "contracts of adhesion." These allegations are not explained or comprehensible, and they do not satisfy the federal habeas custody requirement.

*Second,* petitioner does not make any comprehensible allegation about how his rights under federal law were violated. For example, he claims that he is:

> without the UNITED STATE CORPORATION/STATE OF CALIFORNIA, municipal franchise o(the federal government is in fact restrained under the limited liability of Respondents et. al. to convert a colorable fictional claim, an unregistered quasi-security 'chose in action', into a security interest in the property of Petitioner/ Claimant, restraint for debt where no actual debt lies, the whole of the matter being in limited liability Maritime Insurance scheme, under the guise of color of law. Petitioner/Claimant believes conversion of a fictional security and conspiracy to do so to be a felony (Misprision of Felony 18 usc 4).

Whatever this means, it does not allege any colorable violation of his rights under federal law. Petitioner also alleges that respondents have acted with "unclean hands," and that they cannot "exert a 'blue sky' remedy." These allegations are also not explained in any coherent or comprehensible manner.

*Third*, petitioner makes frivolous claims that his birth certificate gives him ownership of a "surety bond" of his name, and that he is a "Living Man" who is not a citizen of the United States, the State of California, the United Nations, "nor any citizen at all." He appears to claim that respondents have violated his property rights by using his name. In addition to being frivolous, it is unclear how any of these allegations could conceivable be the basis for federal habeas relief.

For the foregoing reasons, the instant petition is **DISMISSED**. Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is dismissed. Petitioner has failed to make a substantial showing that a reasonable jurist would find this court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May 7, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE